UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PACKGEN,                         )<br>                                  )<br>        Plaintiff,                )<br>                                  )<br>v.                                )<br>                                  )<br>BERRY PLASTICS CORPORATION, and   )<br>COVALENCE SPECIALTY COATINGS, LLC,)<br>                                  )<br>        Defendants.               ) | Civil No. 2:12-cv-00080-JAW |

## DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO EXCLUDE THE EXPERT TESTIMONY AND OPINIONS OF PLAINTIFF'S EXPERT, MARK G. FILLER

Pursuant to Federal Rules of Evidence 702 and 703, and this Court's November 18, 2013 Minute Entry, Defendants Berry Plastics Corporation and Covalence Specialty Coatings, LLC (hereinafter collectively "Berry") hereby move to exclude the opinions and testimony of Plaintiff's expert, Mark G. Filler. The bases for this motion are set forth below in the incorporated memorandum of law and will be supplemented through a testimonial hearing and post-hearing briefing in accordance with the November 18, 2013 Minute Entry.

## MEMORANDUM OF LAW

1. Pursuant to Rule 702:

    If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

2. Rule 702's gatekeeping role "requires the trial judge to evaluate an expert's proposed testimony for both reliability and relevance." *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.,* 161 F.3d 77, 80 (1st Cir. 1998) (citations omitted).

1

3.  Plaintiff, as the proponent of Mr. Filler's expert testimony, must demonstrate that his opinions are both reliable and relevant. *See, e.g., In re Neuronton Marketing, Sales Practices, and Products Liability Litigation,* 612 F. Supp. 2d 116, 130 (D. Mass. 2009) (citation omitted).

4.  "[A]n expert must vouchsafe the reliability of the data on which he relies and explain how the cumulation of that data was consistent with the standards of the expert's profession." *SMS Syst. Maint., Inc. v. Digital Equip. Corp.,* 188 F.3d 11, 25 (citing *Wessman v. Gittens,* 160 F.3d 790, 804-05 1st Cir. 1998)).

5.  An expert's methodology must be based on "substantial scientific technical or other specialized knowledge" to "ensure that an expert witness 'employs…the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Figueroa v. Simplicity Plan de Puerto Rico,* 267 F. Supp. 2d 161, 164 (D. Puerto Rico 2003) (quoting *Kumho Tire Co., v. Carmichael,* 526 U.S. 137, 152 (1999)).

6.  Relevancy of expert testimony requires that "expert testimony…be relevant not only in the sense that all evidence must be relevant, *see* Fed.R.Civ.P. 402, but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue." *Ruiz-Troche*, 161 F.3d at 80-81 (citing *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 591-92, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)).

7.  Relevance under Rule 702 and *Daubert* requires an "adequate fit between the expert's methods and conclusions." *Samaan v. St. Joseph Hosp.,* 670 F.3d 21, 32 (1st Cir. 2012) (citing *Daubert*, 509 U.S. at 591).

8.  The *Daubert* analysis includes an analysis of the expert's conclusions to test whether they rationally flow from the expert's methodology. *Samaan*, 670 F.3d at 32 (citing *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)). More specifically,

    > conclusions and methodology are not entirely distinct from one another. Trained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.

    *Joiner,* 522 U.S. at 146.

9.  Mr. Filler's opinions must be viewed in the context of Maine's standard for awarding lost profits damages because if his opinions do not rise to the level of that standard, it will not help the trier of fact determine a fact in issue. It is well-settled law

> [i]n Maine "that [d]amages are not recoverable when uncertain, contingent, or speculative…." A claim for damages "must be grounded on established positive facts or on evidence from which their existence and amount may be determined to a probability. They must not rest wholly on surmise and conjecture."

*Wood v. Bell*, 2006 ME 98, ¶ 21, 902 A.2d 843, 851 (quoting *Michaud v. Steckino*, 390 A.2d 524, 530 (Me. 1978)); *see also King v. King*, 507 A.2d 1057, 1059 (Me. 1986) (citations omitted) ("to be recoverable, damages must not be uncertain or speculative, but must be grounded on facts in evidence").

10. Under Maine law, lost profits are recoverable "only if the profits can be estimated with reasonable certainty." *Eckenrode v. Heritage Management Corp.*, 480 A.2d 759, 765 (Me. 1984) (citing *Sheridan Corp. v. Silsby*, 410 A.2d 225, 227 (Me. 1980); *Ginn v. Penobscot Co.*, 334 A.2d 874, 887 (Me. 1975)); *see also Tardiff v. Knox County*, 598 F. Supp.2d 115, 118 (D. Me. 2009).

11. A lost profits claim must be supported with "evidence of past experience or [by] persons with expertise in the field sufficient to render the extent of such loss reasonably certain and fairly susceptible of proof." *Ginn,* 334 A.2d at 887 (citations omitted).

12. Mr. Filler's opinions are unreliable and irrelevant because they cannot be established with reasonable certainty and are not fairly susceptible of proof.

13. Mr. Filler is not qualified through education or experience to provide opinions based upon his so-called simulation model, which is based upon the application of statistical theory to lost profits damages calculations.

14. Mr. Filler's opinions are speculative and, therefore, unreliable and irrelevant.

15. Mr. Filler's opinions are unreliable and irrelevant because they lack sufficient facts and data to support them.

16. Mr. Filler cannot adequately vouchsafe the reliability of the data on which he relies or explain how the cumulation of that data was consistent with the standards of his profession

17. Mr. Filler's opinions are unreliable and irrelevant because he cannot establish a causal link between the alleged negligence of Berry and Packgen's alleged lost profits and because is unable to eliminate potential causes.

18. Mr. Filler's opinions are unreliable because they improperly use accounting principles and methods to fill an evidentiary vacuum. *See, e.g., Downeast Ventures, Ltd. v. Washington County,* 2007 WL 679887 (D. Me. 2007) (Kravchuk, J.) (excluding Mr. Filler's lost profits opinion on the grounds that it was based upon insufficient data).

19. Mr. Filler's opinions are irrelevant because they are improperly based upon his *ipse dixit*.

20. Mr. Filler's application of the simulation model is unreliable and irrelevant because it uses a flawed methodology and the assumptions upon which it is based lack sufficient facts and data to support them.

21. Attached hereto as Exhibit A is Plaintiff's Expert Designation; Attached hereto as Exhibit B is Defendant's Expert Designation; Attached hereto as Exhibit C is Nancy J. Fannon's Expert Report; Attached hereto as Exhibit D is Dr. Charles D. Cowan's Expert Report.

Berry does not waive, and specifically reserves, the right to address additional grounds for exclusion of Mr. Filler based upon the testimonial hearing and evidence adduced during the testimonial hearing.

WHEREFORE, Berry respectfully requests that this Court issue an order precluding Mr. Filler from testifying in this matter.

Dated at Portland, Maine on December 10, 2013.

/s/ Phillip S. Bixby
Phillip S. Bixby, Esq.
Jonathan M. Dunitz
Attorneys for Defendants
Verrill Dana
One Portland Square
Portland, Maine 04112-0586
(207) 774-4000
pbixby@verrilldana.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 10, 2013, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all registered counsel of record as follows:

Kurt E. Olafsen, Esq.<br>
Olafsen & Butterfield, LLC<br>
75 Pearl Street, Suite 215<br>
Portland, ME  04101

                                                /s/ Phillip S. Bixby, Esq.
                                                Phillip S. Bixby, Esq.
                                                Attorney for Defendants
                                                Verrill Dana
                                                One Portland Square
                                                Portland, Maine 04112-0586
                                                (207) 774-4000
                                                pbixby@verrilldana.com