UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PACKGEN, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BERRY PLASTICS CORPORATION, et al. )<br>)<br>Defendants ) | Civil Action No. 2:12-cv-00080-JAW |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO EXCLUDE THE EXPERT TESTIMONY AND OPINIONS OF PLAINTIFF'S EXPERT, MARK G. FILLER**

Plaintiff Packgen objects to defendants' motion to exclude Mark G. Filler as an expert witness in this matter. In accordance with the court's instructions at the conference of counsel on November 18, 2013, Packgen will not provide case-law citations at this time but instead will do so in its post-hearing memorandum of law. The following summarizes the grounds for Packgen's objection:

1. Mark Filler's expert opinions are based on his education, training, skill, and experience as a certified public accountant and forensic damages expert. These opinions are reliable because they can be established with reasonable certainty and are not premised on speculation.

2. Filler supported his opinions with sufficient facts and data using reliable and well-established methodologies.

3. Filler analyzed and considered a wide variety of information, data, and factors before forming his opinions, including but not limited to the nature of Packgen's business, finances, manufacturing processes, and customers, the catalyst industry, competition in the catalyst container

1

business, and the advantages and disadvantages of Packgen's product.

4. Filler gathered the data on which he relied in a manner consistent with the standards of his profession, and he analyzed the sufficiency and reliability of this data before relying on it.

5. Filler properly relies on the opinions of Packgen's designated expert witness in the petroleum catalyst industry.

6. In arriving at his opinions, Filler considered other potential causes of Packgen's lost profits and appropriately relied on information provided to him by Packgen.

7. Filler's opinions do not reflect his *ipse dixit*. That is, the opinions are not based on unsupported assertions made by Filler himself.

8. Filler is qualified to provide opinions based upon the XLSim software simulation model.

9. The XLSim simulation model is an accepted methodology for determining future lost profits.

10. The XLSim program is a computerized mathematical technique that accounts for risk by sampling probability distributions to produce thousands of possible outcomes ranging from one extreme to the other. The program then averages these results to determine the probabilities of different outcomes occurring.

11. Filler's use of a simulation model is proper under the circumstances of this case.

12. Filler properly applied the XLSim simulation model to the facts of this case and used sufficient facts and data to support his opinions that employ this methodology.

13. Packgen reserves the right to submit additional objections after defendants have presented the specific grounds for their motion at the *Daubert* hearing and in their post-hearing

memorandum of law.


December 19, 2013                                /s/ Kurt E. Olafsen
                                                 Kurt E. Olafsen
                                                 OLAFSEN & BUTTERFIELD LLC
                                                 75 Pearl Street, Suite 215
                                                 Portland, ME 04101
                                                 207-615-0577
                                                 kolafsen@olafsenbutterfield.com

                                                 *Attorney for Plaintiff Packgen*


## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2013, I caused a copy of the foregoing document to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to all counsel of record.


December 19, 2013                                 /s/ Kurt E. Olafsen
                                                 Kurt E. Olafsen

3