## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| PACKGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Docket No. 2:12-cv-80-NT |
| | ) | |
| BERRY PLASTICS CORPORATION, | ) | |
| and COVALENCE SPECIALTY | ) | |
| COATINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON DEFENDANTS' POST-JUDGMENT MOTION

This matter comes before me on the Defendants' Post-Judgment Motion for Judgment as a Matter of Law, for a New Trial, and/or for Altering or Amending the Judgment ("**Defs.' Post-Judgment Motion**") (ECF No. 190). For the reasons stated below, the Defendants' motion is DENIED.

### LEGAL STANDARD

"A party seeking to overturn a jury verdict faces an uphill battle." *Marcano Rivera v. Turabo Med. Ctr. P'ship*, 415 F.3d 162, 167 (1st Cir. 2005). In reviewing a motion made under Federal Rule of Civil Procedure 50(b), the court "must scrutinize the evidence and the inferences reasonably extractable therefrom in the light most hospitable to the nonmovant." *Martínez–Serrano v. Quality Health Servs. of P.R., Inc.*, 568 F.3d 278, 284 (1st Cir. 2009). The court may "not pass upon the credibility of the witnesses, resolve evidentiary conflicts, or engage in a comparative weighing of the proof." *Id.* at 285. The motion should only be granted "if the evidence . . . dictates a

result as to which reasonable minds cannot differ." *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 10 (1st Cir. 2011).

When considering a motion for a new trial under Rule 59(a), "[a] district court may set aside the jury's verdict and order a new trial only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice." *Casillas-Díaz v. Palau*, 463 F.3d 77, 81 (1st Cir. 2006). In deciding whether to grant a new trial, the court may consider the credibility of witnesses and weigh the evidence. *Jennings v. Jones*, 587 F.3d 430, 436 (1st Cir. 2009). But "a jury's verdict on the facts should only be overturned in the most compelling circumstances." *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors*, 850 F.2d 803, 811 (1st Cir. 1988).

The parties dispute whether the Defendants' Rule 50(b) motion is properly before me, given that I previously denied the Defendants' renewed oral motion for judgment as a matter of law. *See* ECF No. 181; Tr. of Proceedings on Nov. 12, 2015, 7:20-25; 8:1-7 (ECF No. 192). Even if I accepted the Plaintiff's argument that I have already denied the Defendants' Rule 50(b) motion, I would still construe the current motion as a motion for reconsideration of that order under Rule 59(e). *See, e.g., Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, No. 13-cv-1725-LGS, 2015 WL 2330066, at *1 (S.D.N.Y. May 14, 2015) (treating a post-judgment motion for judgment as a matter of law as a motion for reconsideration because the court had already denied the plaintiff's motion for judgment as a matter of law after the verdict was announced). A motion for reconsideration is an extraordinary remedy that may be granted in three situations: "1) where the court

2

made manifest error of fact or law; 2) where there is newly discovered evidence; and, 3) where there has been a change in the law." *Lakshman v. Univ. of Maine Sys.*, 338 F. Supp. 2d 162, 164 (D. Me. 2004).

## ANALYSIS

Under any of the above standards, the Defendants' motion fails. When I denied the Defendants' Rule 50(a) motion at the close of the Plaintiff's case, I explained that there was a significant amount of evidence that would permit a reasonable jury to conclude that the Defendants' defective foil laminate caused the Plaintiff to lose the business it expected from the 37 refineries. That conclusion has not changed.

Likewise, the Defendants' argument regarding the unreliability of Mr. Filler's statistical model for the 37 refineries is not persuasive. This argument was previously addressed and rejected by Judge Woodcock in his thorough order denying the Defendants' *Daubert* motion. *See* Order on Mot. to Exclude Expert Test. 39-45 (ECF No. 71). I agree with Judge Woodcock's conclusion concerning the admissibility of Mr. Filler's testimony and will not disturb the verdict simply because the jury did not credit the Defendants' expert witnesses.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendants' Post-Judgment Motion (ECF No. 190).

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 29th day of January, 2016.

3