# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

PACKGEN,

                Plaintiff,

v.                                          Docket No. 2:12-cv-80-NT

BERRY PLASTICS CORPORATION,
and COVALENCE SPECIALTY
COATINGS, LLC,

                Defendants.

### ORDER ON PLAINTIFF'S AMENDED MOTION TO ALTER OR AMEND THE JUDGMENT TO INCLUDE INTEREST

Before me is the Plaintiff's Amended Motion to Alter or Amend the Judgment to Include Interest ("**Am. Mot. to Amend**") (ECF No. 206). For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

After a jury returned a verdict in favor of the Plaintiff ("**Packgen**") on November 13, 2015, judgment was entered against the Defendants ("**Berry**") in the amount of $7,206,646.30, plus interest as allowed by law. (ECF No. 183). On November 19, 2015, Packgen filed a Rule 59(e) motion to amend the judgment to include prejudgment interest from the date of the filing of the Complaint—December 9, 2011—through the entry of judgment on November 13, 2015. Pl.'s Mot. to Alter or Amend the J. to Include Interest (ECF No. 185). Packgen also sought to amend the judgment to include postjudgment interest. Berry did not object to Packgen's motion.

Before I ruled on Packgen's motion, Packgen filed a motion for leave to amend its initial motion to alter or amend the judgment, seeking to change the date

prejudgment interest began to accrue to the date Berry received Packgen's Notice of Claim. Pl.'s Motion for Leave to File Am. Motion to Alter or Amend the J. to Include Interest. (ECF No. 196). Although Berry objected to the substance of the Amended Motion to Amend itself, I granted Packgen's motion because Berry did not object to Packgen's request for leave to file the Amended Motion to Amend. March 3, 2016 Order (ECF No. 205).

## I. Prejudgment Interest Under Maine Law

"In a diversity action . . . state law must be applied in determining whether and how much pre-judgment interest should be awarded." *Saint–Gobain Indus. Ceramics Inc. v. Wellons, Inc.*, 246 F.3d 64, 69 n. 1 (1st Cir. 2001) (citation and internal quotation marks omitted). Under Maine law, prejudgment interest is available pursuant to statute. *See* 14 M.R.S.A. § 1602-B(1)-(3). The purpose of prejudgment interest is twofold: "first, it compensates an injured party for the inability to use money rightfully belonging to that party between the date [of accrual] and the date judgment is entered, and second, it encourages the defendant to conclude a pretrial settlement of clearly meritorious suits." *Guiggey v. Great N. Paper, Inc.*, 704 A.2d 375, 377 (Me. 1997) (internal quotation marks and citations omitted).

A prevailing party is entitled to prejudgment interest "as a matter of right," *Brown v. Habrle*, 1 A.3d 401, 404 (Me. 2010), and Maine law has a presumption in favor of such awards, *Kaplan v. First Hartford Corp.*, 671 F. Supp. 2d 187, 194 (D. Me. 2009). However, the court has discretion to fully or partially waive prejudgment

interest on petition of the nonprevailing party if good cause exists. *See* 14 M.R.S.A. § 1602-B(5)*; see also Dinan v. Alpha Networks, Inc.*, 764 F.3d 64, 72 (1st Cir. 2014).

Importantly, prejudgment interest can accrue on two dates. 14 M.R.S.A. § 1602-B(5). Prejudgment interest may accrue when a "notice of claim setting forth *under oath* the cause of action" is "served personally or by registered or certified mail upon the defendant until the date on which an order of judgment is entered." *Id.* (emphasis added). Or, "[i]f a notice of claim has not been given to the defendant," prejudgment interest may accrue on the date the complaint is filed. *Id.*

### A. Plain Meaning of 14 M.R.S.A. § 1602-B

Here, Packgen's former attorney sent an *unsworn* Notice of Claim to Berry by certified mail on May 29, 2008. Ex. A to Jan. 5, 2016 Decl. of Daniel J. Mitchell 5 (the "**Notice of Claim**") (ECF No. 196-3). Berry received the Notice of Claim on June 5, 2008. Ex. B to Jan. 5, 2016 Decl. of Daniel J. Mitchell 7 (ECF No. 196-3). More than three years later, Packgen filed suit against Berry on December 9, 2011. *See* Complaint (ECF No. 2-2). The parties vigorously dispute whether the unsworn Notice of Claim was sufficient to trigger the accrual of prejudgment interest. The dispute is far from inconsequential, as millions of dollars are at stake depending on when interest began to accrue.[1]

Packgen acknowledges that the Notice of Claim was unsworn. Nonetheless, it contends that the Notice of Claim was still sufficient to trigger the accrual of

---

[1] I am not aware—and the parties have not cited—any Law Court decision addressing the specific issue. Thus, I use my best judgment and attempt to predict how the Law Court would rule if confronted with the question.

prejudgment interest at the time of its receipt because it put Berry on notice of its claims and Berry did not suffer any prejudice from the lack of a jurat. Am. Mot. to Amend 4. Packgen's argument is unpersuasive. The "interpretation of a statute is controlled by the statute's plain meaning, unless that plain meaning leads to 'absurd results.'" *Guiggey v. Great N. Paper, Inc.*, 704 A.2d 375, 377 (Me. 1997). Here, the plain meaning of the statute unambiguously requires that "the notice of claim set[] forth under oath the cause of action." 14 M.R.S.A. § 1602-B(5). The Plaintiff's failure to comply with the statute's oath requirement dooms its argument.[2] *See Sewall v. Spinney Creek Oyster Co.*, 421 A.2d 36, 39 (Me. 1980) ("[W]hen a statute requires an oath courts generally hold . . . that 'the oath provision in a statute is more than a mere technicality.'") (quoting *Paradis v. Webber Hospital*, 409 A.2d 672, 675 (Me. 1979)).

Relying on *Frame v. Millinocket Reg'l Hosp.*, 82 A.3d 137, 143 (Me. 2013), Packgen contends that "the verification and service of a notice of claim are details that should be regarded 'as directory and not mandatory if the failure to strictly comply with the notice requirements did not prejudice the opposing party.'" Am. Mot. to Amend 4 (quoting *Frame*, 82 A.3d at 143). But while the Law Court has "shown some flexibility in interpreting statutory notice requirements, [it] ha[s] usually done so in the context of construing a notice provision that affects a statute of limitations.

---

[2] Citing the Maine Rules of Professional Conduct, Packgen contends that the Notice of Claim was sufficient because the attorney who signed it was under ethical obligations to refrain from making knowingly false statements or engaging in conduct involving dishonesty. Am. Mot. to Amend 6. Accepting this argument would essentially read the words "under oath" out of this statute (and perhaps others), as any notice of claim signed by an attorney would suffice. I decline to do so.

4

Specific notice requirements are otherwise applied as they are written."[3] *Ford Motor Co. v. Darling's*, 86 A.3d 35, 46 n.9 (Me. 2014) (internal citations omitted). Moreover, "in areas of law that are uniquely statutory, in the absence of an express legislative command or a clear indication of legislative intention, [the Law Court] leave[s] the parties where the Legislature left them." *Sunshine v. Brett*, 106 A.3d 1123, 1129 (Me. 2014) (citation and internal quotation marks omitted). The notice provision at issue does not affect a statute of limitations. As written, the specific notice requirements of the statute demand a notice of claim be made under oath in order to trigger the accrual of prejudgment interest.

In addition, "the details of a notice of claim" are treated "as directory and not mandatory if the failure to strictly comply with the notice requirements *did not prejudice the opposing party*." *Frame*, 82 A.3d at 143 (emphasis added). Thus, even if the notice provision were directory, I would still have to address the issue of whether Berry has been prejudiced by Packgen's failure to comply with § 1602-B(5)'s notice requirements. Berry contends that it has been "aware of the lack of a sworn notice of claim throughout the litigation" and that this impacted how it evaluated the case for

---

[3] Moreover, I am not convinced that the Law Court's decision in *Paradis v. Webber Hospital*, 409 A.2d 672 (Me. 1979), which requires strict compliance with the Maine Health Security Act's (the "**MHSA**") notice provision, does not control here. In *Paradis*, the Law Court dismissed a claim because the plaintiff failed to file a written notice of claim under oath as required in order to toll the statute of limitations. *Id.* at 676 The court reasoned that an "oath provision in a statute is more than a mere technicality. Its function is both to make clear the significance of filing the document itself and to provide a basis for a perjury action upon proof of falsification." *Id.* at 675. *Frame* distinguished— but did not overrule—*Paradis*. The *Frame* court stated that "the reason why our decision in *Paradis* does not control here, is the addition of mandatory, judicially sponsored prelitigation screening" for MHSA cases that was not in place at the time *Paradis* was decided. *Frame*, 82 A.2d at 145. These changes undercut the policy considerations that drove the court's decision in *Paradis*. *See id.* at 146. But the changes to the MHSA are of no import here. And without any guidance from the Law Court regarding § 1602-B(5)'s notice requirements, I will apply the statute as written.

5

settlement purposes. Defs.' Resp. to Pl.'s Mot. for Leave to File Am. Mot. ("**Defs.' Resp**.") (ECF No. 200). And Packgen informed Berry at a mediation held before trial that it "would not negotiate the amount of a potential settlement on the basis that prejudgment began accruing upon receipt" of the unsworn Notice of Claim. Feb. 8, 2016 Decl. of Kurt E. Olafsen ¶ 5 (ECF No. 204-1). If Packgen had strictly complied with § 1602-B(5), it is reasonable to assume that Berry would have approached the case differently for settlement purposes given the potential for additional exposure to millions of dollars in prejudgment interest on any judgment awarded at trial in Packgen's favor.[4] Thus, I find that Berry has been prejudiced by Packgen's failure to strictly comply with the statute.

### B. Good Cause for Partial Waiver

Alternatively, even if I accepted Packgen's argument regarding the validity of the unsworn Notice of Claim, I would still partially waive prejudgment interest from the filing of the Notice of Claim in 2008 to the filing of the Complaint in 2011. The parties do not dispute that I have the discretion to fully or partially waive

---

[4] Alternatively, Packgen seeks leave to amend its Notice of Claim "to include an oath to the effect that the statements in [it] were true and accurate" and for this oath to relate back to its original Notice of Claim. Amended Motion 6. As Packgen points out, if "a statute . . . requires an oath, courts have shown a high degree of consistency in accepting later verification as reaching back to an earlier, unverified filing." *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 116 (2002) (footnote omitted). But like most cases applying the relation back doctrine, the filing at issue in *Edelman* (like *Frame*) implicated the statute of limitations. Where the statute of limitations is not implicated, the relation back doctrine generally does not apply. *See, e.g.,* Fed. R. Civ. P. 15(c) advisory committee notes (stating that the relation back doctrine "is intimately connected with the policy of the statute of limitations"); *Farber v. Wards Co.*, 825 F.2d 684, 689 (2d Cir. 1987) ("Rule 15(c) governs the 'relation back' of amended pleadings only for the purpose of the statute of limitations, which is simply not implicated in this case."); 6A Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1496 (3d ed.) ("Although Rule 15(c) applies to all pleading amendments that satisfy its requirements, the doctrine of relation back is of importance primarily in the context of amendments with leave of court under Rule 15(a) when the statute of limitations is implicated."). Accordingly, I will not grant Packgen leave to amend its unsworn Notice of Claim.

prejudgment interest if good cause exists. *See* 14 M.R.S.A. § 1602-B(5) ("On petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded by this section be fully or partially waived."). However, given Maine law's presumption in favor of prejudgment interest, the parties dispute whether good cause exists to waive it.

Berry argues that good cause exists for a partial waiver of prejudgment interest because Packgen "could not have earned 6.42% interest in the marketplace during the years 2009-2015," most of Packgen's damages represent millions of dollars in future lost profits calculated on a ten year timeframe from 2008 to 2018, and Packgen waited approximately three years after filing its unsworn Notice of Claim to file suit.

Changing course on the importance of plain meaning, Packgen contends that the language of § 1602-B forecloses Berry's argument "that a waiver can be based on the lapse of time between service of a notice of claim and initiating the lawsuit." Pl.'s Reply (ECF No. 204). However, delay is a relevant consideration under the statute. *See* 14 M.R.S. § 1602–B(5) (prejudgment interest is suspended "[i]f the prevailing party at any time requests and obtains a continuance for a period in excess of 30 days . . . for the duration of the continuance."). I find that good cause exists for a partial waiver of prejudgment interest based on Packgen's three-year delay in bringing suit, the parties positions' regarding the unworn Notice of Claim during the course of settlement negotiations, and the size of the judgment.

## II. Postjudgment Interest

Federal law governs postjudgment interest. *Vazquez-Filippetti v. Cooperativa de Seguros Multiples de P. R.*, 723 F.3d 24, 28 (1st Cir. 2013). A prevailing party is entitled to "postjudgment interest 'from the date of the entry of the judgment' at the rate fixed in the statute." *Id.* (quoting 28 U.S.C. § 1961(a)). Under 28 U.S.C. § 1961(a), postjudgment interest is based on the Treasury yield for the calendar week preceding the entry of judgment, computed daily to the date of payment and compounded annually. 28 U.S.C. § 1961(b). Here, Packgen is entitled to postjudgment interest from the date of judgment—November 13, 2015.

## CONCLUSION

For the reasons stated above, the Court **DENIES IN PART** and **GRANTS IN PART** the Plaintiff's Amended Motion to Alter or Amend the Judgment to Include Interest (ECF No. 206). The judgment is amended to award Plaintiff Packgen prejudgment interest running from December 9, 2011 to November 13, 2015, and postjudgment interest from the date of judgment—November 13, 2015.[5]

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 7th day of March, 2016.

---

[5] I leave it to the parties to resolve the applicable interest rates.